United States District Court
for the
Southern District of Florida

| Jewel Price, et al., Plaintiffs, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 19-80152-Civ-Scola |
| | ) | |
| Wal-Mart Stores, Inc., Defendant. | ) | |

**Order Granting Motion To Sever and Directing Clerk to Take Action**

This matter is before the Court on Defendant Wal-Mart Stores' Motion to Sever (ECF No. 16). The Plaintiffs responded (ECF No. 25) and Wal-Mart timely replied (ECF No. 29). The Defendant's motion requests that the Court sever the 45 individual Plaintiffs and their claims into separate actions. Having considered the record, the applicable law, and being otherwise duly advised, the Court **grants** the Defendant's motion. (**ECF No. 16.**)

I.  **Legal Standard**

Rule 21 provides that "the court may at any time, on just terms, add or drop a party," and "[t]he court may also sever any claim against a party." Fed. R. Civ. P. 21. Although severance is generally "related to the misjoinder of parties, it is not so limited." *Essex Ins. Co. v. Kart Const. Inc.*, 14-cv-356-T-23TGW, 2015 WL 628782, at *5 (M.D. Fla. Feb. 12, 2015). "A district court has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness." *Id.* District courts consider several factors including, whether the claims arise out of the same transaction or occurrence, whether the claims present different issues of fact or law, whether the settlement of claims or judicial economy would be facilitated, whether prejudice would be avoided if severance were granted, and whether different witnesses and documentary proof would be required. *Id.*

II. **Analysis**

In the instant case, which is not a putative class action, 45 Plaintiffs, who each worked at various Wal-Mart stores, during different time periods, under different policies and supervisors, have filed a complaint against Wal-Mart for gender-based discriminatory employment practices.[1] (ECF No. 1.) Notably, none

---

[1] Another group of 34 Plaintiffs filed a similar lawsuit on the same day styled *Radtka et al. v. Wal-Mart Stores, Inc.,* Case No. 19-cv-80153-RNS. Contemporaneously with this Order, the Court is also granting Wal-Mart's motion to sever in the *Radtka* case.

of the counts in the complaint are tailored to individual Plaintiffs or sub-sets of Plaintiffs. Instead, Plaintiffs each identify themselves by listing which years they worked for Wal-Mart and at which store they worked. (*See id.* at ¶¶ 106-304.) The Plaintiffs then provide a brief summary of the alleged discriminatory practice: "She learned during her employment that her male coworker was making more than her per hour[.]" (*Id.* at ¶ 111.) Some Plaintiffs include three brief sentences of allegations, while others provide a full page of details. (*Id.* at ¶¶ 119-130.) The allegations include hourly pay discrimination, salaried management pay discrimination, discriminatory stereotypes, and Wal-Mart's ineffective anti-discrimination efforts. Some of the policies that created these conditions existed before 2004 and others were implemented afterwards. The Plaintiffs each worked at different stores, in different positions, during different time periods, under different policies, and under different supervisors.

The Defendant moves for severance arguing that the Plaintiffs' claims are "so individualized that they necessarily implicate different witnesses whose testimony relates only to their unique claims." (ECF No. 16 at 5.) The Plaintiffs worked in "60 different stores in 6 states" throughout the country. (*Id.*) Proceeding with this case in its current form would be burdensome for the Court and the Defendant. In response, the Plaintiffs argue that joinder is appropriate because the Plaintiffs' claims arise out of common transactions or occurrences and share common questions of law or fact. (ECF No. 25 at 5-7.) The Court disagrees with the Plaintiffs.

"None of these claims arise out of the same transaction or occurrence. Each Plaintiff alleges a [slightly] different form of discrimination resulting from different actions by different actors over different time periods." *Edwards-Bennet v. H. Lee Moffitt Cancer and Research Institute, Inc.*, No. 13-cv-00853-T-27TGW, 2013 WL 3197041, at *1 (M.D. Fla. June 21, 2013) (granting motion to sever). The Plaintiffs point out that their discrimination is a result of Wal-Mart's company wide policies, not individual decision-making. However, the Plaintiffs concede that the "managers throughout the regions were permitted to arbitrarily set workers' compensation." (ECF No. 25 at 5.) For a group of claims to arise out of the same transaction or occurrence, the claims must "share operative facts." *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016). Here, there is no common policy, practice, or set of facts that applied to every Plaintiff. While it is true that all Plaintiffs share the same cause of action, gender discrimination in violation of Title VII, "similar issues of liability alone are not sufficient to warrant joinder." *Id.*

In *Bozek v. Wal-Mart Stores, Inc.*, an Illinois district court severed a similar lawsuit filed by *three* plaintiffs against Wal-Mart. No. 15-cv-10, 2015 WL 3818984, at *3 (N.D. Ill. June 17, 2015). As is the case here, the *Bozek* plaintiffs'

allegations "d[id] not establish a company-wide policy of discrimination or that their accused supervisors acted in concert with each other. Rather . . . they have alleged different time periods, different supervisors, and different adverse actions." *Id.* Accordingly, the Court finds that severance is warranted.

## III. Conclusion

The Court **grants** Wal-Mart's motion to sever. (**ECF No. 16.**) Each Plaintiff is hereby **severed** from this action without prejudice to the Plaintiffs' rights to pursue their claims on an individual basis. All pending motions are **denied** as **moot**.

Without charging a filing fee the Clerk is **directed** to open and **assign to the Undersigned** forty-five new civil cases bearing the style of [INDIVIDUAL PLAINTIFF'S NAME] vs. Wal-Mart Stores, Inc. The individual Plaintiffs in each action shall be as follows:

1. Candi Allred
2. Carla Alston
3. Kimberly Austin-Johnson
4. Nancy Baisden
5. Cynthia Boss
6. Billie Brendlinger
7. LaTonya Brisco-Thompson
8. Myra Brown
9. Toni Burton
10. Renee Chiles
11. Mary-Kay Dobbs
12. Maryellen Dunne
13. Lioudmila Dyer
14. Fawn Ehrenreich
15. Connie Gamarra
16. Rhonda Gallipoli
17. Zomora Grant
18. Margaret Hammell
19. Deborah Holloway
20. Carolyn Holmes
21. Catherine Jacobsen
22. Susan Jeffers
23. Lucille Kline
24. Frances Linvingston
25. Cindy Lyman
26. Gloria Maimone

27. Iris Cassett Marchand
28. Tanisha Matthews-Wright
29. Tamiko McNurlan
30. Lynn Miller
31. Margo Owens-Wooten
32. Pamela Peck
33. Jewel Price
34. Lucy Giacobbi Sotomayor Ray
35. Rachel Ray
36. Cathy Reuss
37. Sherry Richardson
38. Barbara Solomon
39. Angel Stump-Wolfe
40. Barbara Symanski
41. Ronda Thomson-Spears
42. Monica Urban-Klohn
43. Tiffany Welch
44. Donna Williams
45. Colleen Wool

The Clerk is further **directed** to file the Plaintiffs' Complaint (ECF No. 1) as the first docket entry in each new civil case.

The Plaintiffs who would like to pursue their claims on an individual basis shall follow the below schedule when filing their respective Amended Complaints.

a. Those Plaintiffs whose surnames begin with the letters **A, B, and C** shall have until and including **July 31, 2019** to file an Amended Complaint in each of their individual actions.
b. Those Plaintiffs whose surnames begin with letters **D, E, F, G, and H** shall have until and including **August 14, 2019** to file an Amended Complaint in each of their individual actions.
c. Those Plaintiffs whose surnames begin with letters **I, J, K, L, M, and N** shall have until and including **August 28, 2019** to file an Amended Complaint in each of their individual actions.
d. Those Plaintiffs whose surnames begin with letters **O, P, Q, R, and S** shall have until and including **September 11, 2019** to file an Amended Complaint in each of their individual actions.
e. Those Plaintiffs whose surnames begin with letters **T, U, V, W, X, Y, and Z** shall have until and including **September 25, 2019** to file an Amended Complaint in each of their individual actions.

Failure to timely file the individual amended complaints in accordance with this Order will result in the dismissal of the respective individual actions. Wal-Mart is deemed to have been validly served with respect to all of the Plaintiffs listed above.

The Clerk is directed to **close** this case.

**Done and ordered** at Miami, Florida, on July 12, 2019.

Robert N. Scola, Jr.
United States District Judge